Ray Darris THOMPSON, Plaintiff,

v.

Jim ROSE, Warden, Defendant.

No. 79–2440.

United States District Court,
W. D. Tennessee, W. D.

Jan. 19, 1981.

Joe Lee Wyatt, McWhirter & Wyatt, Memphis, Tenn., for plaintiff.

William W. Hunt, III, Asst. Atty. Gen. of Tenn., Nashville, Tenn., for defendant.

## ORDER DENYING MOTION TO STRIKE

HORTON, District Judge.

Plaintiff's petition for a writ of habeas corpus was filed in this court and referred to the United States Magistrate for a report and recommendation. The report was filed on August 11, 1980 and docketed by the Clerk of the Court on August 12, 1980. Plaintiff's Memphis attorney filed his objections to the report with the Clerk of the Court on August 18, 1980 and mailed a copy of the objections to the Nashville attorney for the defendant on that date. Defendant's Nashville counsel received the Magistrate's Report from the Clerk of the Western District on August 15, 1980. On August 26, 1980 the defendant mailed his objections to the Magistrate's report both to opposing counsel and to the Clerk of the Court. On August 28, 1980, the Clerk stamped the objections filed. Plaintiff has now filed a motion to strike the defendant's objections to the Magistrate's report and alleges that they are untimely filed and thus are a nullity. The court denies the motion.

The Magistrate's Act states that when a matter is referred to a magistrate for a report and recommendation under 28 U.S.C. § 636(b)(1)(B), as was done in this case:

the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith *be mailed to all parties.*

28 U.S.C. § 636(b)(1)(C) (emphasis added). The act then proceeds to declare that:

Within ten days *after being served with a copy,* any party may serve and file writ-

ten objections to such proposed findings and recommendations *as provided by rules of court.*

28 U.S.C. § 636(b)(1) (emphasis added).

It seems clear to the court that the Magistrate's Act plainly envisions mailing of the magistrate's report to the parties and that the ten day time limitation for filing objections runs from the date of service of a copy of the report. The date of service would be the date the report was actually received by the party or his attorney. Here that date is August 15, 1980. A reading of the case cited by counsel for plaintiff shows that the date of actual receipt is operative. *See, Webb v. Califano,* 468 F.Supp. 825 (E.D.Cal. 1979) (Magistrate filed report on August 1, 1978 but copies of report served on parties August 4, 1978 and time began to run from August 4th date). In addition, section 636(b)(1) states that the filing of objections should be "as provided by rules of court." Fed.R.Civ.P. 6(e) states:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

Therefore, the operative period for computing the ten day time period is within thirteen days after the receipt of the magistrate's report. *See, Webb v. Califano, supra* (objections to magistrate's report were not timely filed even after addition of three days under Rule 6(e) to ten day period running from receipt of report). Fed.R. Civ.P. 6(a) mandates that the time period for the filing of court papers is not to commence running on the day the event, which triggers the time limitation, occurs but is to commence on the day after the event's occurrence. Since the defendant's counsel received the Magistrate's report on August 15, 1980, the thirteen days begin to run on August 16, 1980. The thirteenth day is August 28, 1980. Yet, plaintiff placed his objections in the mail on August 26, 1980 and they were stamped filed by the Clerk of the Court on August 28, 1980. Therefore, the objections were timely made. The case of *U. S. v. Barney,* 568 F.2d 134 (9th Cir. 1978), cited by plaintiff, is clearly inapplicable at bar for in that case the Ninth Circuit declared that a judge could set a shorter period than ten days in which objections to a magistrate's report must be filed and then proceeded to note that the defendant had not wished to object in any event for he expressly told the court the magistrate's hearing had been fair. It is therefore, by the court

ORDERED that the plaintiff's motion to strike the defendant's objections to the magistrate's report is denied.