BELL & HOWELL ACCEPTANCE
CORPORATION, a Delaware
corporation, Plaintiff/Counter-Defendant,

v.

WOLVERINE MAILING, PACKAGING,
WAREHOUSE, INC., a Michigan corporation, Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

BELL & HOWELL CO., an Illinois
corporation, Third-Party
Defendant.

No. 84–CV–1169–DT.

United States District Court,
E.D. Michigan, S.D.

Aug. 26, 1985.

Charles Milne, Detroit, Mich., for plaintiff/counter-defendant.

Paul Monicatti, Troy, Mich., for defendant/counter-plaintiff/third-party plaintiff.

## ORDER DENYING PLAINTIFF/COUNTER–DEFENDANT'S MOTION TO STRIKE COUNTERCLAIM

La PLATA, District Judge.

On August 8, 1985, Plaintiff, Bell & Howell Acceptance Corporation, filed a Motion to Strike the Counterclaim filed by Defendant, Wolverine Mailing, Packaging, Warehouse, Inc., on July 16, 1985. In support of the Motion, Plaintiff asserts that the pleading was not filed within the ten day period prescribed by Judge Guy, the judge to whom the case previously was assigned.

On March 11, 1985, Judge Guy entered an Order, requiring that any responses to Plaintiff's amended complaint be made within ten days. According to the record,

Plaintiff filed its Amended Complaint with the Court on July 9, 1985. Six days prior to filing it with the Clerk, on July 3, 1985, Plaintiff served the amended pleading by first class mail upon Defendant's attorney. The court rule governing the additional amount of time afforded to a party when he is served with a pleading or motion by mail, Fed.R.Civ.P. 6(e),[1] provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

In *Thompson v. Rose*, 505 F.Supp. 183 (D.C.Tenn.1981), a habeas corpus action, the Magistrate submitted a report and recommendation to the trial judge. Although the report was filed with the Clerk of the Court on August 11, 1980, it was not received by the attorney for Defendant until August 15. On August 26, Defendant's attorney mailed his objections to the report to opposing counsel and the Clerk, where they were time-stamped on August 28. On the basis that Defendant did not file his objections within ten days of receiving the report by mail, Plaintiff filed a Motion to strike the objections.

Referring to Fed.R.Civ.P. 6(e), the *Thompson* Court denied the Motion, finding that the Magistrate's transmission of the report by mail provided the Defendant with thirteen days from the receipt of the report to file objections thereto:

> Fed.R.Civ.P. 6(a) mandates that the time period for the filing of court papers is not to commence running on the day the event, which triggers the time limitation, occurs but is to commence on the day after the event's occurrence. Since the defendant's counsel received the Magistrate's report on August 15, 1980, the thirteen days begin to run on August 16, 1980. The thirteenth day is August 28,

---

**1.** For an analysis of the rule, see Wright & Miller, Federal Practice and Procedure, § 1171

(1969).

1980. Yet, plaintiff placed his objections in the mail on August 26, 1980 and they were stamped filed by the Clerk of the Court on August 28, 1980. Therefore, the objections were timely made. *Thompson* at 184.

Applying the *Thompson* case and Rule 6(e) to the matter at bar, the Court concludes that Defendant, who received Plaintiff's amended complaint by mail on or about July 5, 1985,[2] had thirteen days therefrom (July 18) to file an answer and counterclaim.[3] By filing its counterclaim and answer on July 16, 1985, Defendant clearly complied with the order of Judge Guy and Fed.R.Civ.P. 15(a), which provides that a party may file a response to an amended pleading within ten days after he is served with the pleading.

Consequently, Plaintiff's Motion to Strike Defendant's Counterclaim is DENIED.

---

2. Although Defendant did not indicate the date on which he received Plaintiff's pleading by mail, the Court assumes that it arrived on July 5, the day following a national holiday.

3. In opposition to Plaintiff's Motion, Defendant also relied upon Fed.R.Civ.P. 6(a), contending that the intermediate Saturdays and Sundays between July 3, 1985, and July 16, 1985, should be excluded from the computation of time. This rule does not benefit Defendant, since the amendment to the rule did not take effect until August 1, 1985. Thus, the prior rule, effective until July 31, 1985, did not compute Saturdays and Sundays only when the period prescribed for submitting an answer to a pleading or motion was seven days or less.