Frank Mooney NALTY, Jr., et al., Plaintiffs,

v.

NALTY TREE FARM, et al., Defendants.

Civ. A. No. 83–0783–11.

United States District Court,
S.D. Alabama, S.D.

March 10, 1987.

Champ Lyons, Jr., and Larry U. Sims, Mobile, Ala., for plaintiffs.

Phillip A. Wittmann, Paul L. Zimmering, Calvin P. Brasseaux, New Orleans, La., for defendants.

## ORDER

HAND, Chief Judge.

Today the Court is called upon to decide whether objections to a Recommendation of the Magistrate have been timely filed. Because this procedural question arises with regularity, the Court will address it in some detail.

The Magistrate's Recommendation in question was entered on December 30,

1986. Because of the New Year's holiday, however, it was not mailed to the parties by the Clerk until Monday, January 5, 1987. The defendants' objections to the recommendation were filed with the Clerk on Thursday, January 22, 1987. Plaintiffs have argued that the objections to the recommendation were not timely filed and should not be considered in reviewing the recommendation.

Under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, a party has ten days after being served with a recommendation of a magistrate in which to file any objections to the recommendation. Rule 6(a) provides that intermediate weekends and legal holidays shall not be counted when the prescribed time period is less than eleven days.[1] Rule 6(e) also adds three days to a response period whenever the responding party is being served by mail.[2]

Plaintiffs argue that the three additional days provided by Rule 6(e) should be added to the ten day response period first, thereby eliminating the application of the less-than-eleven-days provision of Rule 6(a). In other words, plaintiffs argue that objections to a magistrate's recommendation must be filed within thirteen days of the service of the recommendation, without excluding the intervening weekends and holidays. Defendants, on the other hand, argue that the ten day period for responding to the recommendation should be computed excluding intervening weekends and holidays, after which three days should be added pursuant to Rule 6(e). For the following reasons, the Court agrees with the defendants.

Prior to its amendment in 1985, Rule 6(a) provided that intermediate Saturdays, Sundays, and legal holidays would be excluded in computing time periods only when the time period was less than *seven* days. *See* 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1161 (1969). Thus, under the earlier form of the Rule, objections to magistrates' recommendations were due within thirteen days of the service of the recommendations. The thirteen day period was composed of the ten day period prescribed by Rule 72(b) and the three extra days allowed by Rule 6(c) because the recommendations were served by mail.[3] *See* 7 J. Moore, *Moore's Federal Practice* ¶ 72.-04[9.—2] (2d ed. 1986); 12 C. Wright & A. Miller, *Federal Practice and Procedure* § 3076.8 (Supp.1986).

The 1985 amendment to Rule 6(a) extended the exclusion of intermediate weekends and holidays to the computation of time periods of less than *eleven* days. The Advisory Committee's comments, which explain the purpose of the amendment, read as follows:

The Rule also is amended to extend the exclusion of intermediate Saturdays, Sundays, and legal holidays to the computation of time periods less than 11 days. Under the current version of the Rule, parties bringing motions under rules with 10–day periods could have as

*Fed.R.Civ.P.* 6(a) (emphasis added).

---

**1.** Rule 6(a) governs the computation of time under the Federal Rules of Civil Procedure. The rule reads, in relevant part, as follows:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, ... in which event the period runs until the end of the next day which is not one of the aforementioned days. *When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.*

**2.** Rule 6(c) reads as follows:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon by mail, 3 days shall be added to the prescribed period. *Fed.R.Civ.P.* 6(e).

**3.** Of course, if the final day fell on a weekend or holiday, the response period was extended to the next day that was not a weekend or holiday, pursuant to Rule 6(a). 7 J. Moore, *Moore's Federal Practice* ¶ 72.04[9.—2] (2d ed. 1986).

few as 5 working days to prepare their motions. This hardship would be especially acute in the case of Rules 50(b) and (c)(2), 52(b), and 59(b), (d), and (e), which may not be enlarged at the discretion of the court. See Rule 6(b). If the exclusion of Saturdays, Sundays, and legal holidays will operate to cause excessive delay in urgent cases, the delay can be obviated by applying to the court to shorten the time. See Rule 6(b).

*Fed.R.Civ.P.* 6 advisory committee note (1985 amendment).

It is clear from the advisory committee's comments that the 1985 amendment was intended to extend the response time allowed under various rules prescribing ten day time limits. By authorizing the exclusion of intermediate weekends and holidays, the amendment assures that at least four additional days (from two intervening weekends) will be added to the time period, along with any additional legal holidays that might fall within the period. Since the time period for responding to magistrates' recommendations is ten days, the new less-than-eleven-day rule should be applied, resulting in at least a seventeen day response period. This period includes the ten days allowed by Rule 72(b), the four days composed of the uncounted intermediate weekends, and the three days allowed for mailing by Rule 6(e). The net result is at least a four day extension of the time period.

Plaintiffs' proposed application of the relevant provisions would undermine the purpose of the 1985 amendment. If the three mailing days provided by Rule 6(e) were added up front to the ten day response period of Rule 72(b) to establish a time period of thirteen days, the less-than-eleven-day provision would not be applied and intervening weekends and holidays would not be excluded. The resulting thirteen day response period would be identical to the thirteen day period that existed prior to the 1985 amendment. Such a result cannot be consistent with the obvious intentions of the advisory committee.

The Court is cognizant of the fact that Professors Wright and Miller have recommended that the three mailing days under Rule 6(e) be added to the original time period first to establish single period for computation purposes. The professors even suggested that that procedure should be followed before deciding whether to apply the former less-than-seven-day provision of Rule 6(a). 4 C. Wright and A. Miller, *supra,* § 1171. The Court concludes, however, that their commentary should not control the application of the less-than-eleven-day rule and Rule 6(e) in these circumstances. Their commentary was written long before the 1985 amendment to Rule 6(a) and did not consider the application of these rules in the context of the purpose and intended result of the amendment. For the same reason, pre-1985 caselaw is also unpersuasive. *See Thompson v. Rose,* 505 F.Supp. 183 (W.D. Tenn.1981); *Webb v. Califano,* 468 F.Supp. 825 (E.D.Cal.1979).

Further support for the Court's chosen construction of these rules can be found by considering the purpose of Rule 6(d). By adding three additional days to the response period of a party required to act following the receipt of a paper served by mail, Rule 6(e) amounts to a legislative presumption that the party is not in receipt of the paper and lacks notice for three days following the mailing of the paper. His response period should be computed, as it otherwise would be, from the point of presumed receipt. Thus, the length of the party's ten day response period should be computed, applying the less-than-eleven-day provision of Rule 6(a), separately from the three day period allowed by Rule 6(e). The mailing rule should provide three extra days, in addition to whatever period the party would otherwise have, to reflect the presumed lapse in notice because of service by mail.

■ For the foregoing reasons, the Court holds that response periods to magistrates' recommendations should be computed by first applying the less-than-eleven-day provision of Rule 6(a) to the ten day time period prescribed by Rule 72(b), thereby excluding any intervening Saturdays,

Sundays, and legal holidays. The date of service shall be the date on which the Clerk of Court mails out the magistrate's recommendation. *See* 7 J. Moore, *supra*, ¶ 72.-04[9.—2]; *see also Fed.R.Civ.P.* 5(b) ("Service by mail is complete upon mailing."). After establishing an initial response date by this method, three additional days should be added pursuant to Rule 6(e). If the final day should fall on a weekend or legal holiday, the objections would be due on the first official business day thereafter. This procedure will result in a response period of at least seventeen days, with additional days if any legal holidays fall within the period. Should this time period result in excessive delay in urgent cases, the parties can always request the court to shorten the response time. *See Fed.R. Civ.P.* 6 advisory committee note (1984 amendment); *see also United States v. Barney*, 568 F.2d 134, 136 (9th Cir.1978) (10–day period provided by 28 U.S.C. § 636(b)(1) to file objections to magistrates' recommendations is a maximum, not a minimum; court may require a shorter period).

■ In the case at bar, the Recommendation of the Magistrate was mailed, and therefore served, by the Clerk on Monday, January 5, 1987. Applying the method of computation described above, the objections to the recommendation were due to be filed no later than Friday, January 23, 1987. (Monday, January 19, 1987 was a legal holiday, the birthday of Martin Luther King, Jr.). Having been filed on Thursday, January 22, 1987, the defendants' objections to the recommendation were timely and will be considered by the Court.

It is so ORDERED.