816 F.2d 673
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony Jerome PRESBERRY, Petitioner--Appellant,
v.
WARDEN, MARYLAND PENITENTIARY, Respondent--Appellee.
 No. 86-6645.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 14, 1987.
Decided April 11, 1987.
 
 Anthony Jerome Presberry, appellant pro se.
 Ann Elizabeth Singleton, Office of the Attorney General of Maryland, for appellee.
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anthony Jerome Presberry, a Maryland inmate, seeks to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. Presberry's petition was referred to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1). In a report and recommendation entered May 30, 1986, the magistrate recommended that the petition be dismissed. In the cover letter to the report the petitioner was informed that objections to the report must be received by June 13, 1986, and that failure to file timely objections might result in waiver of his right to appeal. In a document entitled "Notice of Appeal" dated June 11, 1986, and postmarked June 13, 1986 (p.m.), Presberry objected to the magistrate's report. These objections, however, were not received in the district court until the following Monday, June 16, 1986.
 
 
 2
 By order entered June 16, 1986, the district court noted that timely objections had not been filed, adopted the magistrate's report and recommendation, and denied the petition.
 
 
 3
 Under 28 U.S.C. Sec. 636(b)(1) a party may file objections to a magistrate's report "[w]ithin ten days after being served with a copy." A ten-day period is also provided under Rule 72, Fed.R.Civ.P. Effective August 1, 1985, Fed.R.Civ.P. 6(a) was amended to provide that when "the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Under Rule 6(e), Fed.R.Civ.P., three days are added to this ten-day period. See Carr v. Hutto, 737 F.2d 433, 434 n. 1 (4th Cir.1984), cert. denied, --- U.S. ----, 54 U.S.L.W. 3392 (Dec. 9, 1985); Thompson v. Rose, 505 F.Supp. 183 (W.D.Tenn.1981). In Presberry's case the magistrate entered his report on May 30, 1986, a Friday. Under Rule 6(a), Fed.R.Civ.P., the ten-day period expired on June 13th, however, under the three-day mail rule, Presberry's objections would be timely if received by June 16, 1986. The objections were, in fact, received on that day, and were, therefore, timely.
 
 
 4
 The district judge, believing that the objections were untimely, did not conduct de novo review of those portions of the report to which Presberry has objected. We therefore vacate the judgment of the district court and remand the case with instructions to conduct de novo review pursuant to 28 U.S.C. Sec. 636(b)(1).
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we grant a certificate of probable cause to appeal, dispense with oral argument, and remand the case to the district court for further proceedings not inconsistent with this opinion.
 
 
 6
 VACATED AND REMANDED.