829 F.2d 1119
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steven Allen FORD, Petitioner-Appellant,
v.
STATE OF MARYLAND, Respondent-Appellee.
 No. 86-6798.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1987.
Decided Sept. 18, 1987.
 
 Steven Allen Ford, pro se.
 Richard Bruce Rosenblatt, Office of the Attorney General, for appellee.
 Before DONALD RUSSELL, KK. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Steven A. Ford, a Maryland inmate, appeals the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. In his petition, and supplemental petition, Ford raises a number of claims challenging his 1983 convictions after a jury trial, for assault with intent to murder, assault to avoid lawful apprehension, assault with intent to disable, use of a handgun in the commission of a crime of violence, assault and battery, driving while intoxicated, and fleeing and eluding. Ford asserts that he is entitled to federal habeas relief because of pretrial, trial, and post-trial errors; errors committed by the trial court, trial counsel, and the state's attorney; errors in sentencing; double jeopardy; insufficient evidence; and improper jury instructions.
 
 
 2
 The case was referred to the magistrate for report and recommendation pursuant to 28 U.S.C. Sec. 636(b)(1). The magistrate distilled Ford's multiple allegations to present twenty-two distinct claims. In a report and recommendation entered October 27, 1986, the magistrate recommended that the petition be dismissed. The magistrate found that Ford was not entitled to habeas relief because the claims either did not rise to a constitutional violation, were mere conclusory allegations, or were without merit. As to the challenged jury instruction on malice, the magistrate found that, although, it was error, the error was harmless beyond a reasonable doubt.
 
 
 3
 In the cover letter to the report, Ford was informed that objections to the report must be received by November 10, 1986, and that failure to file timely objections might result in waiver of his right to appeal. In a paper entitled "Per Reference: To Appealing My Writ of Habeas Corpus," dated November 5, 1986, and marked "received Nov. 10, 1986 C.G.," Ford objected to the magistrate's report. This paper was not marked filed by the district court until November 12, 1986.
 
 
 4
 By order entered November 12, 1986, the district court noted that objections had not been filed, adopted the magistrate's report and recommendation, and denied the petition.
 
 
 5
 Ford's objections to the magistrate's report were timely. The face of the paper itself reveals that it was received on November 10, 1986, within the time period designated by the magistrate. Moreover, even if the November 12, 1986, filing date is deemed to be the significant date, the objections are still timely. Under 28 U.S.C. Sec. 636(b)(1) a party may file objections to a magistrate's report "[w]ithin ten days after being served a copy." A ten-day period is also provided under Rule 72, Fed. R. Civ. P. Rule 6(a), Fed. R. Civ. P., provides that when "the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, and Sundays, and legal holidays shall be excluded in the computation." Under Rule 6(e), Fed. R. Civ. P., three days are added to this ten-day period. See Carr v. Hutto, 737 F.2d 433, 434 n. 1 (4th Cir. 1984), cert. denied, -- U.S. ----, 54 U.S.L.W. 3392 (Dec. 9, 1985); Thompson v. Rose, 505 F. Supp. 183 (W.D. Tenn. 1981). In Ford's case the magistrate entered his report on October 27, 1986. Under Rule 6(a), Fed. R. Civ. P., the ten-day period expired on November 10th; however, under the three-day mail rule, Ford's objections would be timely if received by November 13, 1986. The objections were, in fact, filed on November 12th, and were, therefore, timely.
 
 
 6
 The district judge, believing that the objections were untimely, did not conduct de novo review of the report. We therefore vacate the judgment of the district court and remand the case with instructions to conduct de novo review pursuant to 28 U.S.C. Sec. 636(b)(1).
 
 
 7
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and remand the case to the district court for further proceedings not inconsistent with this opinion.
 
 
 8
 VACATED AND REMANDED.