871 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger HERRINGTON, Plaintiff-Appellant,
v.
C. Tony WILLIAMS, Defendant-Appellee.
 No. 88-5900.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Herrington appeals pro se from the district court's judgment dismissing this prisoner's civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At the time of the events described in the complaint, the plaintiff was a prisoner at the Kentucky State Reformatory in LaGrange, Kentucky. The defendant is the deputy warden in charge of security. In his complaint, the plaintiff alleged that the defendant violated his procedural due process rights when he denied the plaintiff's visitation rights for eighteen days and then restricted those rights for a period of one year.
 
 
 3
 The district court referred the case to a magistrate, who recommended that the case be dismissed. The plaintiff served his objections to the magistrate's report within thirteen days after the filing of the report. Holding that the objections were untimely, the district court adopted the magistrate's report and dismissed the case.
 
 
 4
 We hold that the plaintiff's objections were timely. Under Fed.R.Civ.P. 6(e), a party has three extra days to respond to a notice sent to the party by mail. Therefore, the plaintiff actually had thirteen days in which to respond to the magistrate's report. Thompson v. Rose, 505 F.Supp. 183, 184 (W.D.Tenn.1981). Because the plaintiff did serve his objections within thirteen days, they were timely.
 
 
 5
 Nevertheless, we affirm the judgment of the district court on other grounds. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). First, we will assume without deciding that the plaintiff possesses a liberty interest in his visitation rights under the Reformatory's regulations. Second, we note that this court has held that based upon a finding of major misconduct, the prison officials can impose administrative segregation without the necessity for a second hearing. Walker v. Mintzes, 771 F.2d 920, 933 (6th Cir.1985). The notice and opportunity to be heard provided by the disciplinary proceedings are adequate to provide due process.
 
 
 6
 Here, the notice and opportunity to be heard at the disciplinary hearing provided adequate due process for the prison official's decision to deny and restrict the plaintiff's visitation rights. Moreover, the denial of visitation rights for ten days before the holding of the disciplinary hearing is not a violation. The prison officials may provide the notice and the opportunity to be heard within a reasonable time after the events in question. Hewitt v. Helms, 459 U.S. 460, 472 (1983); Childs v. Pellegrin, 822 F.2d 1382, 1387-88 (6th Cir.1987). Therefore, the defendant did not violate the plaintiff's due process rights.
 
 
 7
 The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.