UNITED STATES of America, Plaintiff,

v.

Kevin B. ROBINSON, M.D., Defendant.

No. 94 C 1691.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 2, 1994.

Michelle Fox, Asst. U.S. Atty., United States Attorney's Office, Chicago, IL, for plaintiff.

Martin J. Rubin, Law Offices of Martin J. Rubin, Chicago, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of defendant Kevin B. Robinson ("Robinson") to vacate a default judgment in the amount of $532,-228.98 plus interest and costs. For the following reasons, the motion is denied.

### FACTS [1]

Robinson's behavior adds another dimension to health care in America and the depletion of scarce governmental resources. While Robinson attended Meharry Medical College, he applied for a government scholarship to pay his tuition. He was successful in his application and received scholarship awards from July 1, 1980, through June 30, 1984. In exchange for the scholarship awards, Robinson agreed to serve as a Commissioned Officer in the Public Health Service or as a civilian member of the National Health Service Corps ("NHSC") upon completion of his medical training for a period of four years.

Following his graduation from medical school, Robinson was granted a deferment of his service obligation until July 1, 1988, so that he may complete a residency in the field of internal medicine and pediatrics. When July 1, 1988, approached, however, Robinson balked and declined to accept his service assignment. Subsequently, plaintiff United States of America ("Government") notified Robinson that he was in breach of his NHSC agreement and requested repayment of the scholarship award. Robinson ignored these notifications and requests.

As a result of Robinson's repudiation, the Government filed a complaint on March 18, 1994, to recover $171,498.30 in principal and $360,730.68 in interest as of March 22, 1994. On April 13, 1994, the Government personally served Robinson with the summons and a copy of the complaint. Robinson filed an appearance through his counsel on May 11, 1994, but failed to timely answer or otherwise plead to the complaint. On June 3, 1994, the Government filed, and the court granted, a motion for default judgment in the amount of $532,228.98 plus interest at the rate of $7.55 per day from March 22, 1994 to the date of judgment, with interest accruing after the date of judgment at the legal post-judgment rate. Robinson did not object to the motion or file any pleading seeking an extension of time to respond to the complaint.

Twenty-seven days later, Robinson filed the instant motion to vacate the court's June 3, 1994 order. The motion states as follows:

### MOTION

Now comes the Defendant, Kevin B. Robinson, M.D., by Martin J. Rubin, his attorney and moves this Honorable Court to vacate the default Judgment in the amount of $532,228.98 plus interest and costs heretofore entered by this Court on June 3, 1994 by Minute Order and entered on the docket by the Clerk on June 6, 1994, and in support of said Motion is the Affidavit of Martin J. Rubin.

(Def.'s Mot. at 1.) Attached to the motion is an affidavit of Martin J. Rubin ("Rubin"). The relevant portion of Rubin's affidavit states the following:

5. The Defendant is ready and willing to serve and has completed the necessary paperwork and the undersigned has delivered same to the United States Attorney representing the government for delivery to the Default Branch, Division of Scholarships and Loan Repayments, Bureau of Health Care in Rockville, Maryland, and upon completion of Defendant's application, will place Defendant in the Public Health Service or in the National Health Service Corps to complete his service obligation.

6. That upon the Defendant completing his service obligation, he will have complied with the requirements of law and not

---

1. The following facts are drawn from various pleadings filed with the court.

be obligated for the repayment of any sums to Plaintiff as evidenced by the judgment heretofore entered.

7. That this affidavit is given for the purposes of having this Court vacate the Default Judgment heretofore entered against Defendant and to enter an Order consistent with Defendant fulfilling his service obligation, as aforesaid.

(Rubin Affidavit ¶¶ 5, 6, 7.) The affidavit is signed by Rubin and Robinson does not submit anything else in support of his motion to vacate.

### DISCUSSION

Robinson does not cite any Federal Rules of Civil Procedure to identify the operating rule for his motion. Notwithstanding the lack of citation, the court finds that Rule 55(c) fits the bill given the posture of this litigation. Rule 55(c) provides that the court may set aside an entry of default judgment in accordance with Rule 60(b). Therefore, the court will treat Robinson's motion as a motion to vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

"Ignoring deadlines is the surest way to lose a case." *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir.1994). Under Rule 60(b), however, a litigant may save himself or herself from the disastrous consequences of blowing deadlines. But there are specific requirements the litigant must meet in order to take advantage of the rule. Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for" the reasons specified in subsections (1) through (5).[2] Fed.R.Civ.P. Rule 60(b)(1)-(5); *see also Margoles v. Johns,* 798 F.2d 1069, 1072 (7th Cir.1986). Additionally, Rule 60(b)(6) provides a catchall provision for relief from final judgment or order. *Reinsurance Co. v. Administrative Asigurarilor,* 902 F.2d 1275,

1277 (7th Cir.1990). The catchall provision allows the court to grant a Rule 60(b) motion for "any other reason justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b)(6).

[1–4] In considering a motion to vacate a default judgment, the court has broad discretion to grant Rule 60(b) relief. *Lee v. Village of River Forest,* 936 F.2d 976, 979 (7th Cir. 1991). However, the Seventh Circuit has moved away from the policy of disfavoring default judgments and courts are, therefore, increasingly reluctant to set them aside. *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 47 (7th Cir.1994). Accordingly, a relief from a final judgment or order under Rule 60(b) is considered an extraordinary remedy and granted only in exceptional circumstances. *C.K.S. Engineers v. White Mountain Gypsum,* 726 F.2d 1202, 1204–05 (7th Cir.1984). The moving party must demonstrate that the exceptional circumstances create a substantial danger that the underlying judgment or order is unjust. *Lee,* 936 F.2d at 978. In this case, Robinson does not satisfy this burden.

The form of Robinson's motion fails to comply with the relevant Federal Rules of Civil Procedure and its content fails to explain a legally sound basis for vacating the default judgment. To evaluate the form of Robinson's motion, it is helpful to review the rule applicable to motions. Rule 7(b) titled "Motions and Other Papers" provides that:

(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion....

---

2. The five specified reasons under Rule 60(b) are as follows:

    (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), mis-

representation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

  Fed.R.Civ.P. 60(b)(1)-(5).

(3) All motions shall be signed in accordance with Rule 11.

Fed.R.Civ.P. 7(b). As to the form of the motion, Robinson fails to satisfy the particularity requirement of Rule 7(b). Rule 60(b) prescribes six different grounds for granting relief from a default judgment. Robinson, however, fails to indicate the particular grounds, (b)(1)-(b)(6), for vacating the default judgment in violation of Rule 7(b).

The body of the motion likewise fails to state the grounds for vacating the default judgment. The only pleading which sheds light on Robinson's reasons for filing the motion is the attached affidavit of Rubin. The affidavit generally avers that Robinson is now, *eight years later*, willing to comply with the requirements of the scholarship award and, thus, the court should vacate the default judgment.

There are several flaws with this affidavit. First, the affidavit contains testimony of Rubin, not Robinson. It is not within his scope of knowledge as to the intentions of Robinson. At best, Rubin's testimony is based on hearsay. Second, there is no support for the legal conclusion Rubin draws in ¶ 6 that the judgment amount will be wiped out if and when Robinson completes his service requirement. This is questionable because contract principles are not applicable to the relationship between Robinson and NHSC. *See United States v. Vanhorn*, 20 F.3d 104, 112 (4th Cir.1994). Furthermore, the fact is Robinson has not satisfied the requirements of NHSC. Third, Rubin advances no legal or factual argument with proper citation to legal authority justifying an order vacating the court's June 3, 1994 order. This third flaw leads to the court's next discussion.

It is apparent from the form of the motion and the absence of factual and legal support that Rubin either did not read or ignored Rules 7 and 11. Rule 11 provides in relevant part that:

> By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—*the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law....*

Fed.R.Civ.P. 11(b)(2) (emphasis added). "The Federal Rules of Civil Procedure are not window dressings to be viewed, admired but soon forgotten once out of sight." *THK v. NSK*, 157 F.R.D. 651, 654 (N.D.Ill.1994). A lackadaisical attitude towards the rules disserves the efficient and proper administration of justice. Rubin's motion practice is sanctionable under Rule 11. Nonetheless, the court will not issue a rule to show cause, but this opinion should serve as a warning to Rubin that Rule 11 is to be read, understood, and followed.

### CONCLUSION

For the foregoing reasons, the motion of Robinson to vacate the default judgment is denied.

IT IS SO ORDERED.