Carolyn LITTRELL, SSN: 282–42–5990, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

No. C–1–94–180.

United States District Court, S.D. Ohio, Western Division.

Aug. 16, 1995.

Edward Christopher Ahlers, Kondritzer, Gold & Frank Co., L.P.A. Cincinnati, OH, for plaintiff.

James Evan Rattan, United States Attorney's Office, Columbus, OH, for defendant.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on the Defendant Secretary's Motion to Alter or Amend (doc. 12), this Court's prior Order (doc. 10), affirming the Magistrate Judge's Report and Recommendation to grant the Plaintiff disability insurance (doc. 7). The Defendant Secretary makes this Motion to Alter or Amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to which the Plaintiff has responded in Opposition (doc. 13).

### I. CASE HISTORY

The Plaintiff, born April 14, 1947, had worked for a bakery for 11 years as a packer/shipper (Tr. 172), when she was injured on the job. She subsequently quit her job in 1984 (Tr. 95). She was 39 years old when

she allegedly became disabled on August 11, 1986. Thereafter, she attained temporary work by handing out coupons in a grocery store. This, however, was unsuccessful. She was 44 years of age when her disability status under the Social Security Act expired on December 31, 1991. She was 46 years old when the Administrative Law Judge (ALJ), decided to deny her any further disability benefits.

The Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act on November 27, 1990. The Social Security Administration denied this application several times, before the Plaintiff was finally able to obtain a hearing in front of an ALJ. Basing his opinion largely upon Vocational Expert ("VE") testimony, the ALJ denied the Plaintiff's claim. The Plaintiff then filed a request for review of the ALJ's decision to the Appeals Council, which was denied on February 15, 1994.

Pursuant to 42 U.S.C. Sec. 405(g), the Plaintiff then brought this action for judicial review of the final decision for the Defendant Secretary. The Magistrate Judge issued his Report and Recommendation on October 21, 1994, recommending this Court grant the Plaintiff her disability status and insurance benefits. We affirmed the Magistrate Judge's decision on February 24, 1995.

## II. TIMELINESS OF THE DEFENDANT SECRETARY'S OBJECTIONS

The Defendant Secretary first bases her motion upon the Court's allegedly incorrect finding that she made untimely objections to the Magistrate Judge's Report and Recommendation. The Defendant Secretary alleges that the filing on November 25, 1994, was timely filed within the Magistrate Judge's prescribed period.

Rule 6(a) of the Federal Rules of Civil Procedure excludes the day of the "act" or the "event" from the prescribed 30–day time period. The "act" or "event" was the 21st of October, 1994, when the Magistrate Judge issued his Report and Recommendation in the Plaintiff's favor. Rule 6(a) also provides that the day following a legal holiday, such as Thanksgiving, shall define the end of the given response period. In addition, Rule 6(e) appends 3 days to that prescribed time period for mail-affected service.

◾ We find that the day of the "act" or "event" was October 21st, 1994, when the Magistrate Judge filed his Report and Recommendation. One day thereafter, abiding by Rule 6(a) in excluding the day of the "act" or "event," was October 22, 1994, which began the three days for mail-affected service. Therefore, the beginning of the prescribed thirty-day period was October 24, 1994, not October 25, 1994, as the Defendant Secretary claims. Thirty days thereafter would fall on the 23rd of November, 1994. Accordingly, we find that the Defendant Secretary's objections of November 25, 1994, were not timely filed. We hereby dismiss her objections to the Magistrate Judge's Report and Recommendation.

## III. APPLICATION OF THE *ABBOT* DECISION

Even if the Defendant Secretary's objections had been timely, we would still deny her objections, because the Magistrate Judge and our previous Order correctly decided the matter on its merits. The Defendant Secretary has also moved this Court to alter or amend its prior judgment based upon the Court's alleged failure to acknowledge controlling case law. Therefore, the Defendant Secretary claims that this Court erred in finding that the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence.

◾ In making this argument, the Defendant Secretary has maintained that this Court expressly disregarded the controlling case law of *Abbott v. Sullivan,* 905 F.2d 918 (6th Cir.1990). *Abbott* stands for the proposition that age, when over 45, is a significant factor in determining an individual's disability status. *Abbott*'s ramifications on Social Security law extend to Sec. 201.00(h) of the Medical Vocational Guidelines, which evaluates the disability of individuals over the age of 45. For "age is a less positive factor" for those individuals over age 45 than for those under 45. 20 C.F.R. Part 404, Subpt. P,

App. 2, Sec. 201.00(h). Therefore, because the Plaintiff was 44 when her insurance expired, it would appear that *Abbott* would have an adverse effect upon her disability status.

■ Though *Abbott* remains binding case law, we find, however, that it does not address the impact of Social Security Ruling 83–12 on 20 C.F.R. Part 404, Subpt. P, App. 2, Sec. 201.00(h). Although the Plaintiff was younger than 45 at the time her insured status expired, and although *Abbott* would normally leave her without recourse from the ALJ's adverse judgment, SSR 83–12 creates an area of exception for individuals under 45, whose impairments leave them less able to adapt even to sedentary work. We find that the Plaintiff falls into this category of exigent individuals. SSR–83–12 states the following:

> Where an individual's impairment has not met or equal the criteria of the Listing of Impairments at an earlier step in the sequence of adjudication, but the full range of sedentary work is significantly compromised, section 201.00(h) of Appendix 2 provides that a finding of disabled is not precluded for even younger individuals.

As affected by Social Security Ruling 83–12, Sec. 201.00(h) does thereby provide the Plaintiff with some relief in stating that "[a] finding of disabled is *not precluded* for those individuals under age 45 who do not meet all of the criteria of a specific rule and who do not have the ability to perform a full range of sedentary work." *See Abbott*, 905 F.2d at 927 (citing directly to this relevant portion of Sec. 201.00(h)). This pertinent portion of Sec. 201.00(h), thereby moots the Defendant Secretary's assertions that this Court allegedly misinterpreted the Plaintiff's age. For, though the Plaintiff may have been 44 at the designated time of her uninsured status, she does "not have the ability to perform a full range of sedentary work." *Id.*

■ Moreover, SSR 83–12 states the following in regards to the Plaintiff's sit/stand restrictions:

> The individual may be able to sit for a time, but must get up and stand or walk for a while before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary

work (and for the relatively few light jobs which are performed in a seated position) or the prolonged standing or walking contemplated for most light work.

The Plaintiff has additionally alleged thoracic and lumbar strains, pain, and moderate dysthymia (Tr. at 20). Also concerning the Plaintiff, the ALJ found that:

A. She cannot deal well with the general public. Keep her away from regular contact with the general public.

B. She must be able to sit/stand at will. She can sit 25 Minutes before she needs to stand. She can stand less than ½ hour.

C. She must lie down out of the way at lunch time only.

D. She will miss one day per month to take care of her pain.

E. The job must be inherently not highly stressful.

F. She is not able to do vigorous work, i.e. a great deal of movement putting undue strain on her back.

(Tr. at 24). We find that the Plaintiff thereby falls into the category of those individuals severely limited in their capacity to perform sedentary work. She is excepted from the *Abbott* decision, despite her age at the time her insured status expired. We accordingly find that the Plaintiff suffers from a determinable physical or mental impairment which will last for a continuous period greater than 12 months, 42 U.S.C. Sec. 423(d)(1)(A), and that she is unable to engage in her previous work or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. Sec. 423(d)(2). The Plaintiff is under a disability and consequently entitled to Social Security benefits.

## IV. APPLICATION OF THE SOCIAL SECURITY REGULATIONS

The Defendant Secretary finally asserts that the ALJ "conducted an adequate inquiry into Ms. Littrell's alleged stress-related limitations." The Defendant Secretary's Motion to Alter or Amend the Judgment (doc. 12 at 8). Arguing that the Court erred in criticizing the ALJ's reliance upon the VE's testimony, the Defendant Secretary also claims that there does exist sedentary work for the

Plaintiff, as defined by that VE's testimony at the hearing.

■ ˙ The ALJ relied heavily upon hypotheticals and the VE's testimony. The Sixth Circuit has held in *Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922, 927–28 (6th Cir.1987), that an ALJ's hypotheticals to a VE must be supported by evidence in the record. The VE's testimony, however, conflicted with the Plaintiff's work capabilities as the record in certain instances indicates. For example, the VE testified that the Plaintiff would have to perform some forward bending in the sedentary work described (Tr. 149–50). The record, however, shows that the Plaintiff is incapable of such "movement putting undue strain on her back" (Tr. 24, 26). Moreover, in relying upon such hypotheticals not wholly supported by the record, the ALJ did not adequately address the issues of pace and stress. The Plaintiff has substantial pace and stress limitations, (Tr. 24, 26), which the VE's recommendations for sedentary work did not take into account. Additionally, one would always find at least a minimal amount of pace and stress in any work environment, which would naturally limit the Plaintiff's abilities to sustain any substantial gainful employment (Tr. 135). Because the Plaintiff could not perform her past work due precisely to such bending and stress limitations, we find that the ALJ erred in disregarding those restrictions and SSR 83–12 in evaluating the Plaintiff's disability status.

### V. CONCLUSION

We hereby AFFIRM our previous order granting the Plaintiff disability status and Social Security benefits. Accordingly, we DENY the Defendant Secretary's Motion to Alter or Amend that prior Judgment.

SO ORDERED.