Freddy L. JONES, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 00–6613.

United States Court of Appeals,
Sixth Circuit.

Oct. 25, 2001.

Before BOYCE F. MARTIN, JR., Chief
Judge; CLAY, and GARWOOD,* Circuit
Judges.

*ORDER*

Freddy L. Jones, appearing through
counsel, appeals from the district court's
judgment denying Jones's application for
Social Security Disability and Supplemen-

---

* The Honorable Will L. Garwood, United
States Circuit Judge for the Fifth Circuit, sit-
ting by designation.

tal Security Income Benefits. *See* 42 U.S.C. § 405(g). The court sent a letter to the parties requiring them to show why this case should not be decided without oral argument; neither party responded to the letter. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jones claimed that he became disabled because of a back condition and learning disabilities. The Appeals Council declined to review the administrative law judge's decision denying benefits. The district court affirmed the Commissioner's decision to deny benefits. This court reviews the district court's decision to determine whether the Commissioner's decision is supported by substantial evidence. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir.1989).

■ Jones claims that a provision in the medical-vocational guidelines, 20 C.F.R. Part 404, Subpt. 8, App. 2, § 201.00(h), contains an example which mandates that Jones receive an award of benefits. We conclude that the example in § 201.00(h) does not mandate a finding of disability. The example merely shows that an administrative law judge (ALJ) is not precluded from finding disability where a claimant cannot perform a full range of sedentary work. *Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir.1990); *Mingus v. Comm'r of Soc. Sec.*, No. 98–6270, 188 F.3d 508, 1999 WL 644341, at *3–4 (6th Cir. Aug. 19, 1999) (unpub.decision); *Littrell v. Shalala*, 898 F.Supp. 582, 585 (S.D.Ohio 1995). A vocational expert can testify that a claimant is limited to less than a full range of sedentary work and nonetheless find that the claimant can perform a significant number of jobs in the economy. *Bradley v. Sec'y of HHS*, 862 F.2d 1224, 1228 (6th Cir.1988); *McCormick v. Sec'y of HHS*, 861 F.2d 998, 1002 (6th Cir.1988). So § 201.00(h) did not mandate a finding of disability in this case.

■ Concerning Jones's daily activities, the general rule is that the ALJ may consider the household and social activities of the claimant while evaluating his complaints and symptoms. *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir.1993). When the ALJ evaluated Jones's daily activities such as feeding his chickens, mowing the lawn, and fishing, the ALJ could have determined that these were intermittent activities that did not suggest the ability to engage in substantial gainful activity. *Walston v. Gardner*, 381 F.2d 580, 586 (6th Cir.1967). Instead, the ALJ found that Jones's daily activities supported his ability to perform a limited range of sedentary work, and we conclude that substantial evidence supports this finding.

■ Finally, Jones argues that the ALJ improperly credited all of Dr. Saint–Jacques physical limitations findings except for the inability to stoop. *See* Social Security Ruling 96–9p. Unfortunately for Jones, Dr. Saint–Jacques' assessment that Jones could never stoop was not accompanied by a reference to any medical evidence supporting his conclusion. An unsubstantiated entry on an assessment form is not entitled to deference by the ALJ. *Villarreal v. Sec'y of HHS*, 818 F.2d 461, 463 (6th Cir.1987) (per curiam). The ALJ actually gave Jones the benefit of the doubt regarding the other unsubstantiated limitations, presented those limitations in a hypothetical to the vocational expert, and credited the expert's testimony that found a significant number of sedentary jobs still available to Jones in the economy even with those limitations. Once again, we conclude that substantial evidence supports the Commissioner's decision.

The judgment of the district court is affirmed.