Margaret HILL, et al., Plaintiffs,

v.

CITY OF BOSTON, et al., Defendants.

Civ. A. No. 88–1647–WD.

United States District Court,
D. Massachusetts.

Feb. 15, 1989.

Order for Remand, March 2, 1989.

Lawerence F. O'Donnell, O'Donnell, O'Donnell & O'Donnell, Quincy, Mass., for plaintiffs.

Gerard A. Pugsley, Law Dept., Boston, Mass., for defendants.

MEMORANDUM AND ORDER

WOODLOCK, District Judge.

This action is brought against the City of Boston and certain of its police employees by the co-administrators of the estate of Dorothy Gilbert, a woman found hanging in her cell after having been arrested, apparently for public intoxication. The case was commenced in state court and comes to this court on a petition for removal.

Counts One and Three arise under Massachusetts statutory provisions.

In Count One the plaintiffs allege negligence by the City in connection with the decedent's arrest and supervision, creating liability under the Massachusetts Tort Claims Act, Mass.Gen.L. ch. 258.

Count Three alleges that defendant John Gifford violated the decedent's rights under the Massachusetts Civil Rights Act, Mass.Gen.L. ch. 12, § 11*I*, by "threats, intimidation and coercion ... subject[ing her] to summary punishment, physical and mental abuse and grievous personal injuries resulting in her death." Complaint ¶¶ 34–35.

Counts Two, Four, and Five allege violation of the federal civil rights statute, 42 U.S.C. § 1983, by various police officers.

Count Two alleges that defendant Gifford caused the decedent to be "subjected to summary punishment, physical and mental abuse and grievous personal injuries resulting in her death," Complaint ¶ 28, in violation of her state and federal constitutional rights, by denying her bail and by deliberate indifference to her serious medical needs.

Count Four alleges that police officer "John Doe[ ] illegally detained, arrested, and imprisoned [the decedent] in violation

of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution." Complaint ¶ 37.

Count Five alleges that police officer "Richard Roe was deliberately indifferent to the serious medical needs of [the decedent] and deprived [her] of her life and liberty," Complaint ¶ 43, in violation of the United States Constitution.

Defendant Gifford alone filed the Verified Petition for Removal of this case from state court pursuant to 28 U.S.C. § 1441. Plaintiffs challenge the petition (a) as untimely, in that it was not made within thirty days of service of process on the City of Boston, the first defendant served, and (b) as defective, in that defendant City of Boston has not joined in the petition. Defendant Gifford responds that City of Boston was not entitled to remove the action nor eligible to join in the removal petition. Thus, he contends, the failures of the City to move for removal in a timely fashion and to join in his removal petition are immaterial.

Finding merit in defendant Gifford's response, I will overrule plaintiffs' objection to Gifford's removal. However, finding further that I have no jurisdiction over defendant City of Boston, I will order *sua sponte* the remand of the case against the City.

Moreover, because considerations of judicial economy, convenience, and fairness to the litigants would best be served by having the state claims against the defendants tried together, I will ask the parties to brief whether or not I should remand the state civil rights claim, Count Three, as well.

Finally, it may be that similar considerations would justify a stay of the aspect of this litigation that would remain in this court after remand: the federal claims against defendant Gifford and the unidentified Officers Doe and Roe. Accordingly, I will afford the parties the opportunity to seek a stay of this case in this court while what appears to be the heart of the litigation is tried in the state court.

## A. *Timeliness*

28 U.S.C. § 1441(a) allows removal by a defendant of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The defendant must file the petition for removal within thirty days after receipt of the initial pleading. 28 U.S.C. § 1446(b). "The statute provides in substance that, if a (removal-eligible) case is commenced in a state tribunal and is not removed by petition filed within thirty days of a respondent's initial receipt of the complaint, it may not be removed thereafter." *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1199 (D.R.I.1986) (Selya, J.). Consequently, the general rule is that a removal petition must be filed within thirty days of service on the first defendant served. *See id.* at 1200–04.

However, 28 U.S.C. § 1446(b) further provides:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant ... of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

When defendant City of Boston was first served in this matter, the case was not removable because the City was alleged in the complaint to have violated only state law, and such an allegation does not state a case over which this court would have original jurisdiction. Only when defendant Gifford was served could issue be joined as to a case which was removable. Gifford filed his petition for removal within thirty days of the service upon him. Hence, I find Gifford's petition was filed in a timely manner.

To be sure, the initial complaint, which mixes removable and non-removable claims, does not fall squarely within the express language of § 1446(b), which speaks of a situation in which "the *case* stated by the initial pleading is not removable" (emphasis supplied). But to read the language restrictively to deal only with complaints in which no aspect of the case is

removable would defeat the purpose of the removal statute. Such a construction would permit the plaintiff to insulate the case from removal by manipulative phasing of the service of process. The foresighted plaintiff, if so inclined, could wait until thirty days after service upon a party not having the right to remove before serving those parties which otherwise would have the right.

I decline to frustrate the congressional purpose in providing a removal jurisdiction by permitting the right to removal to turn on manipulation of the timing of service by the plaintiff.[1] I conclude that the thirty-day period for removal of cases joining defendant parties with the right to remove and those without the right to remove does not begin to run until service is perfected upon a party with the right to remove, thereby initially bringing the matter into the class of cases or controversies within the jurisdiction of the United States District Court.

### B. *City's Joinder in the Petition*

■ The City of Boston has not joined in Gifford's removal petition. The general rule is that all defendants must join in the removal petition for it to be valid. Exceptions are made for nominal, unknown, and fraudulently joined defendants. *See generally* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3731, at 504–10 (2d ed. 1985); 1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.168[3.-2], at 547–60 (2d ed. 1987).

The language employed by some courts seems, moreover, to assume another exception, namely that a defendant who would not be allowed to remove if it were the sole defendant need not join in the petition for removal of a codefendant. *See, e.g., Gorman,* 629 F.Supp. at 1199 ("[A]ll defendants who have been served *and who are eligible to join the removal petition* must so join. 'In other words, unanimity among all defendants *substantively entitled to remove* is required for removal'.") (citations omitted) (emphasis supplied) (quoting *Friedrich v. Whittaker Corp.,* 467 F.Supp. 1012, 1013 (S.D.Tex.1979)); *McKinney v. Rodney C. Hunt Co.,* 464 F.Supp. 59, 62 (W.D.N.C.1978) ("[E]ach and every defendant *who can meet the jurisdictional requirements of 28 U.S.C.A. § 1441* must join in a petition for removal in order for the petition to be valid.") (emphasis supplied). This language suggests an appropriate refinement to the rule of unanimity requiring all parties to join in the removal petition. As refined, unanimity as to removal is required only of those parties who would independently have the right to remove.

In this case, because no federal claim was raised against it, the City of Boston would not independently have been able to meet the jurisdictional requirements for removal under § 1441. Hence, the petition for removal of defendant Gifford may be granted without the City of Boston joining in it.

[T]here is no overriding inequity. If all defendants had been served simultaneously, Merck's desire to remove would have been stymied entirely if Abbott had refused to march in the parade. By waiving its own right of removal, Abbott is estopped, presently, from tendering a valid consent to removal; it is compelled by its prior conduct to spurn Merck's imprecations. There is nothing unfair about holding a party to the natural consequences of its procedural blunders.

*Id.* at 1202. When, as here, the prior served defendant could not have removed the case, there is no reason to estop that party from consenting to removal once the case has become removable. Thus, even *Gorman* would not by its terms bar removal as untimely in this case.

---

**1.** District courts in this circuit have differed as to whether or not a defendant served more than thirty days after another initial defendant who could have removed but did not is foreclosed from removing the case. *Compare Garside v. Osco Drug, Inc.,* 702 F.Supp. 19 (D.Mass.1988) (Tauro, J.) (subsequently served defendant can remove) *with Gorman,* 629 F.Supp. at 1200–04 (subsequently served defendant cannot remove). *But cf.* Judicial Improvement and Access to Justice Act, Pub.L. No. 100–702, § 1016(b)(2) (1988) (amending 28 U.S.C. § 1446(b) to place a one year after commencement limit on removal of action based on diversity jurisdiction).

In *Gorman,* where Abbott Laboratories was the initial defendant and Merck Sharpe & Dohme Co. the subsequently served defendant, the court stated its rationale as follows:

### C. *City's Joinder in the Action*

However, for the same reason that the failure of defendant City of Boston to join in the removal petition is a matter without jurisdictional significance for the right of defendant Gifford to petition to remove, I am obliged to consider *sua sponte* whether the City of Boston should remain a party in federal court in this action, which was properly removed from state court by the defendant Gifford.

My disposition of the issues of removability to this point has turned on my conclusion that this court lacks original jurisdiction over the claims against defendant City of Boston. As a court of limited jurisdiction, a federal district court may not exercise power over parties not properly before it.

If this court lacks original jurisdiction over defendant City of Boston, can it somehow be acquired? As set forth in Part A of the Memorandum I am issuing this day in a similar case, *Neptune v. McCarthy*, 706 F.Supp. 958, 959–61 (D.Mass.1989), I have concluded that such jurisdiction cannot be acquired. I am, accordingly, without jurisdiction to hear the case against the City, and thus I must remand Count One.

### D. *Managing Duplicative Litigation*

Because the case against the City must be remanded to the state court, whereas defendant Gifford has properly removed the other counts, this litigation will necessarily be fractionated. The challenge is thus not whether, but how, to manage such fractionated litigation in a fashion that will secure a just, speedy, and inexpensive determination in both courts.

The memorandum issued today in *Neptune v. McCarthy* suggests that the remand of pendent state claims, and the stay, pursuant to *Colorado River* abstention, of federal claims, may achieve efficient judicial administration without frustrating the defendants' rights to a federal court resolution of the federal claims.[2] The parties here have not, however, had an opportunity to consider the questions briefed, argued, and determined in *Neptune* as they relate to the remand of pendent claims and the exercise of *Colorado River* abstention. Consequently, I will afford the parties such an opportunity by calling for briefing on the question whether Count Three against defendant Gifford should be remanded to the state court together with Count One against the City and, if so, whether following such a remand this court should enter a stay in the fashion of the *Neptune* stay with respect to Counts Two, Four, and Five.

Accordingly, for the reasons set forth above:

A) "Plaintiffs' Objection to Defendant John Gifford's Verified Petition for Removal" is OVERRULED, and

B) The parties shall consult together, and jointly—or, if necessary, simultaneously but separately—file on or before 12 noon, Wednesday, March 1, 1989, a brief response to the question of the appropriateness of a remand of Count Three of the Complaint together with Count One, as well as to the question whether, following remand, a stay should be entered in this court of the remaining federal claims, Counts Two, Four, and Five, pursuant to which proceedings would be conducted in the manner outlined in the Memorandum and Order being entered this day in *Neptune v. McCarthy*.

### ORDER

Pursuant to the Memorandum and Order issued February 15, 1989 and upon the submissions of the Plaintiffs and Defendants agreeing (I) that remand to the state courts of both Counts One and Three of this Complaint would be appropriate and (II) that upon such remand a stay should properly enter in this court as to Counts Two, Four and Five, it is hereby ORDERED:

---

**2.** *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483, *reh'g denied,* 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976); *Neptune v. McCarthy,* 706 F.Supp. at 963–65.

a) that Counts One and Three be remanded to the state court; and it is FURTHER ORDERED

b) that a stay of proceedings enter in this court as to Counts Two, Four and Five, pursuant to which:

1) all pre-trial discovery and joinder matters as to Counts Two, Four and Five shall be governed by rulings of the state court with respect to Counts One and Three;

2) the parties shall notify this court upon final judgment in the state trial court; and

3) upon such final state court judgment, Counts Two, Four and Five shall be set down for a final pre-trial conference in this court.