**Thomas REY, Plaintiff,**

v.

**CLASSIC CARS, William Kenney and the Commonwealth of Massachusetts, Defendants.**

**Civ. A. No. 90–12382–C.**

United States District Court,
D. Massachusetts.

April 16, 1991.

Howard Friedman, Boston, Mass., for plaintiff.

Timothy M. Burke and Brian Rogal, Law Offices of Timothy M. Burke, Needham, Mass., and Stephen L. Pearson, Kadison & Grant, Acton, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiff, Thomas Rey, has brought a six count complaint based on a set of facts involving the defendant towing company, Classic Cars, and a Massachusetts State Police Officer, William Kenney. The case was removed from state court, and is currently before this Court on the plaintiff's motion to remand it to Superior Court for Middlesex County. For the reasons stated below, the plaintiff's Counts Two through Five should be remanded to state court.[1] Count One should be stayed pending resolution of the state claims.

### I.

The facts as stated in the complaint are as follows. The plaintiff is a resident of Massachusetts. On January 6, 1989, the plaintiff discovered that he had a flat tire, and sought the assistance of defendant William Kenney, a Massachusetts State Police Officer. Kenney called defendant Classic Cars, a Massachusetts corporation with a principal place of business in Acton, Massachusetts. Kenney told the plaintiff to stay with the vehicle, and left the parking lot where plaintiff's car was parked. A

---

[1] At a conference with the parties held on April 3, 1991, this Court ordered that the portion of the case involving the Commonwealth of Massachusetts be remanded.

Classic Cars tow truck arrived, and Steven Ryan, a Classic Cars employee, changed the tire. The plaintiff alleges that Ryan did not discuss the fee or the method of payment prior to changing the tire. The altercation began when Ryan demanded twenty-five dollars in cash for services performed. The plaintiff states that he did not have the cash, and that he offered alternative methods of payment. Ryan then called the Massachusetts State Police, and Kenney returned to the parking lot. The dispute apparently escalated further, and when the plaintiff refused to get out of his car, Kenney placed him under arrest for being a disorderly person.

Plaintiff initially filed his complaint in state court alleging six counts. The plaintiff brought four counts against Kenney, Count One under 42 U.S.C. § 1983, and Counts Two through Four under Massachusetts law for false arrest and imprisonment, malicious prosecution, and deprivation of plaintiff's rights in violation of Mass.Gen.L. ch. 12, §§ 11H, 11I. In his Fifth Count, the plaintiff alleges that Classic Cars engaged in unfair and deceptive trade practices in violation of Massachusetts General Law chapter 93 §§ 49(a) and (c), and 93A § 2 (1984). Lastly, plaintiff's complaint alleges a Sixth Count against the Commonwealth of Massachusetts for failure to train. The action was removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and is currently before the Court on plaintiff's motion to remand the case to the Superior Court for Middlesex County.

■ The plaintiff's position is that this Court should remand all of the state claims to the Middlesex Superior Court, and stay the § 1983 action against Kenney pending resolution of those state claims. Plaintiff's first argument is that the case should be remanded in its entirety because the Commonwealth did not consent to the removal. In cases involving multiple defendants, each defendant must consent to the removal petition. *Garside v. Osco Drug, Inc.*, 702 F.Supp. 19, 21 (D.Mass.1988); C.

Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3731 (1985). Several recent decisions in this circuit, however, have held that this rule of unanimity only requires the consent of those parties who would have been able independently to remove the claims against it. *See, e.g., Handelman–Smith v. Peck and Flaherty*, No. 89–2634–S, slip op. at 2 (D.Mass. March 29, 1990); *Shepard v. Egan, et al.*, No. 90–30020–F, slip op. at 5 (D.Mass. April 24, 1990); *Hill v. City of Boston*, 706 F.Supp. 966, 968 (D.Mass. 1989). I concur, and find that the failure of the Commonwealth of Massachusetts to consent to removal does not require that the case be remanded given that the eleventh amendment prohibits a suit against the Commonwealth in a federal court absent the Commonwealth's consent. *See Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974).

■ Plaintiff's second argument is that the 93A claim against Classic Cars was not removable. This argument requires the Court to examine 28 U.S.C. § 1441(c)[2] which states:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Pared down to its essentials, § 1441 allows a district court to exercise jurisdiction over a "separate and independent claim" that it would otherwise lack the statutory authority to hear. *Charles D. Bonanno Linen Serv., Inc. v. McCarthy*, 708 F.2d 1, 8–9 (1st Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983).

Section 1441(c) has been the source of much confusion. The Supreme Court shed some light on the application of § 1441(c) in

---

**2.** Sections § 1441(a) and (b) are inapplicable, as they only allow removal of claims which could initially have been brought in federal court.

*See Neptune v. McCarthy*, 706 F.Supp. 958, 961 (D.Mass.1989).

*American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn,* the plaintiff sued three defendants in a Texas state court for a fire loss to Texas property. *Id.* at 8, 71 S.Ct. at 537. The case was removed to federal court, where the District Court declined to vacate a judgment entered against the defendants. *Id.* The District Court ruled that the causes of action asserted against the foreign insurance companies were "separate and independent," and therefore, that the case had been properly removed under § 1441(c). The Supreme Court disagreed. The Court illuminated the meaning of "separate and independent" by explaining that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540. In so holding, the Court noted that the purpose of § 1441(c) is to limit removal from state courts. *Id.* at 9–10, 71 S.Ct. at 537–38. Thus, the Court in *Finn* held that the damage claimed by the plaintiff arose from one incident, the fire, and from the same facts, and therefore, that removal had been improper. *Id.* at 16, 71 S.Ct. at 541.

The First Circuit has further explored this question of what constitutes a "separate and independent" claim for purposes of § 1441(c). The First Circuit has explained that what was determinative in *Finn* was the singularity of the harm suffered by the plaintiff, and not the various theories of recoveries used to address or compensate for that harm. *New England Concrete Pipe Corp. v. D/C Sys. of New England, Inc.,* 658 F.2d 867, 872 (1st Cir. 1981). Thus, the issue is not whether there is more than one cause of action. Rather, the issue is whether these causes of action are truly separate from one another, and not simply different methods of addressing one underlying harm.

In light of the standard as set forth in *Finn* and its progeny, it is rare that a claim will be "separate and independent." *Thornton v. Allstate Ins. Co.,* 492 F.Supp. 645, 648 (E.D.Mich.1980). Nonetheless, the case before the Court presents an example

of a "separate and independent" claim which is removable under § 1441(c). The claim against Classic Cars alleges a completely separate and distinct harm than the claims against Kenney. The claim asserted against Classic Cars under Mass.Gen.L. ch. 93A involves the damages associated with Classic Car's allegedly unfair practice of failing to inform the plaintiff of the cash fee of twenty-five dollars, and the allegedly unfair practice of using a police officer, Kenney, to resolve a contract dispute. Any harm associated with these allegedly unfair business practices is clearly separate and independent from damage incurred by the plaintiff as a result of being arrested by Kenney. This set of facts is distinguishable from a situation where a plaintiff attempts to recover in tort against several tortfeasors who are potentially responsible for a single tort. *See, e.g., Duncan v. City of Golden Beach,* 662 F.Supp. 974, 975 (S.D.Fla.1987) (claims against police officer who ran plaintiff off the road not separate and distinct from claims against defendant who constructed an allegedly defective guardrail).

Likewise, the claim against Classic Cars involves the alleged invasion of separate and independent rights: Classic Cars is said to have violated plaintiff's rights as a consumer, whereas Kenney is alleged to have violated plaintiff's constitutional rights. Illustrative of this separateness is the fact that the plaintiff could have alleged the identical claim against Classic Cars even if he had not been arrested by Kenney. Put another way, the plaintiff's complaint against Classic Cars is that Classic Cars involved a police officer in any way; plaintiff does not allege that Classic Cars is responsible for Kenney's actions. Therefore, plaintiff's success on his 93A claim would in no way affect his claims against Kenney, or vice versa. *See Hudson v. Smith,* 618 F.2d 642, 645 (10th Cir. 1980) (whether or not plaintiff won on breach of contract claim, the deadlock over ownership of a corporation would persist). Thus, although there exists some overlap in that Kenney would likely be a witness in both cases, the facts, the harm alleged, and

the rights allegedly invaded are separate and independent, and therefore, the case was properly removed under § 1441(c). *See Lewis v. Louisville & Nashville R. Co.,* 758 F.2d 219, 221 (7th Cir.1985) (complaint under FELA separate and independent from intimidation count where intimidation occurred after plaintiff filed FELA claim).

■ Having established that, under § 1441(c), this Court can maintain jurisdiction over the claim against Classic Cars, it is necessary to decide if it should do so. Where an action is properly removed under § 1441(c), "the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." As previously discussed, the plaintiff's 93A claim, involving a deceptive trade practice, does not arise out of the same incident as the claims against Kenney. The thrust of the 93A claim is whether Classic Cars had an obligation to disclose to the plaintiff the fact that they only accepted cash for services performed, and whether Classic Car's use of the police to assist in the collection of a debt constituted a violation of 93A. In the non-removal context, the Supreme Court has advised courts to exercise caution when exerting this "pendent party," as opposed to pendent claim, jurisdiction. *See Aldinger v. Howard,* 427 U.S. 1, 14–15, 96 S.Ct. 2413, 2420–21, 49 L.Ed.2d 276 (1976) (absent a specific statutory grant of jurisdiction, there is no pendent party jurisdiction even though the claims asserted against the pendent party arise out of the same operative facts as the claims against the defendant with whom the federal claim is grounded); *Bonanno,* 708 F.2d at 10 (same). Thus, although § 1441(c) supplies the jurisdiction necessary to hear the claim against Classic Cars, this Court declines to exercise it, where the dispute involves a question of Massachusetts law between two Massachusetts residents not otherwise within the subject matter jurisdiction of this Court.

■ The next issue this Court must address is whether it should exercise its pendent jurisdiction over plaintiff's state claims against Kenney. The exercise of the court's pendent jurisdiction is a matter of discretion. *United Mine Workers v. Gibbs,* 383 U.S. 715, 716, 86 S.Ct. 1130, 1132–34, 16 L.Ed.2d 218 (1966). Pendent jurisdiction over state claims exists where a federal claim is alleged and where the state and federal claims "derive from a common nucleus of operative fact." *Id.* at 725, 86 S.Ct. at 1138. The decision whether to exercise pendent jurisdiction should be guided by concerns of judicial economy, convenience and fairness to the parties. *Id.* at 726, 86 S.Ct. at 1139; *Charles D. Bonanno Linen Serv., Inc. v. McCarthy,* 708 F.2d 1, 6 (1st Cir.1983). Dismissal of such pendent state claims is appropriate on the ground the "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a sure-footed reading of state law." *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139.

■ With respect to the state trooper, Kenney, there are three state law claims which are pendent to the federal § 1983 claim. After consideration of the relevant factors, this Court finds that it should not retain jurisdiction over the pendent claims against Kenney, as they can be tried in state court at the same time the court tries the claim against the Commonwealth. That claim will necessarily involve much of the same testimony and evidence as the state claims against Kenney. Thus, by remanding, this Court can avoid, or at least minimize, piecemeal litigation. Furthermore, it will leave the task of interpreting the Massachusetts Civil Rights Act to a Massachusetts court. Thus, this Court should not exercise its pendent jurisdiction over these state claims against Kenney.

■ This brings the Court to plaintiff's request that this Court stay any further action on the § 1983 claim against Kenney pending resolution of the matter in state court. Judge Woodlock took this approach in a similar situation in *Neptune v. McCarthy,* 706 F.Supp. 958 (D.Mass.1989). It is well-settled that federal courts should abstain from exercising their jurisdiction only under "exceptional circumstances" and that federal courts have an "unflagging

obligation ... to exercise the jurisdiction given them." *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 818, 96 S.Ct. 1236, 1246, 1247, 47 L.Ed.2d 483 (1976); *Bath Memorial Hosp. v. Maine Health Care Finance Comm'n,* 853 F.2d 1007, 1012 (1st Cir.1988) (abstention is justified only in the "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest"). In *Colorado River,* the Supreme Court noted, however, that in limited circumstances abstention is proper based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)); *Neptune,* 706 F.Supp. at 963. In determining whether federal abstention is proper under this doctrine of "judicial economy and convenience," the district court must weigh a number of factors. *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246–47; *Neptune,* 706 F.Supp. at 963. These factors include: the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; the order in which jurisdiction was obtained by the parties; whether federal law would provide the rule of decision on the merits; and whether the state court would adequately protect the plaintiff's rights. *Moses Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25–26, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983); *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246; *Neptune,* 706 F.Supp. at 963–64.

■ In this case, the Court finds that exceptional circumstances do exist. First, state law provides the rule of decision for five of six counts asserted by the plaintiff. Moreover, the § 1983 claim, the sole claim providing federal jurisdiction, is similar in substance and in proof to the Massachusetts civil rights claim brought by the plaintiff. Finally, it is well-established that the likelihood that resolution of the state action will, by way of collateral estoppel, extinguish the federal action weighs heavily in favor of a stay. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 273, 108 S.Ct. 1133, 1135, 99 L.Ed.2d 296 (1988); *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246–47; *Neptune,* 706 F.Supp. at 965. Therefore, after carefully weighing these factors this Court concludes that plaintiff's Count One should be stayed pending resolution of the state claims.

For all of the reasons stated above, Counts Two through Five of the plaintiff's complaint should be remanded. This Court should also stay any further action on plaintiff's Count One pending resolution of this matter in state court.

Order accordingly.