**Robert GIBSON, as father and next friend of Joseph Gibson and Sarah Gibson, Plaintiff,**

**v.**

**INHABITANTS OF TOWN OF BRUNSWICK, Robert Ramsey, Sergeant Carl Hallman, and Brent Wickard, d/b/a Bull Moose Music Enterprises, Defendants.**

**Civ. No. 95–230–P–C.**

United States District Court, D. Maine.

Oct. 12, 1995.

Francis Jackson, Portland, Maine, for Plaintiff.

Philip M. Coffin, III, H. Peter Del Bianco Jr., Black, Lambert, Coffin & Rudman, Portland, Maine, for Defendants.

Joseph M. Hochadel, Monaghan, Leahy, Hochadel & Libby, Portland, Maine, for Defendant Brent Wickard d/b/a Bull Moose Music.

### MEMORANDUM OF DECISION AND ORDER REMANDING CASE TO MAINE SUPERIOR COURT

GENE CARTER, Chief Judge.

Defendants, Inhabitants of the Town of Brunswick, Officer Robert Ramsey, and Sergeant Carl Hallman (collectively "Brunswick Defendants"), have petitioned this Court for removal from the Superior Court in and for the County of Cumberland and State of Maine pursuant to 28 U.S.C. §§ 1441 and 1446 (Docket No. 1). Defendant Brent Wickard d/b/a Bull Moose Music Enterprises ("Bull Moose Music"), against whom Plaintiff

---

charges violations of state law only, refuses consent to removal in his Objection to Petition for Removal, which this Court treats as a Motion to Remand (Docket No. 5). In their Response (Docket No. 8), Brunswick Defendants claim that, notwithstanding the general rule requiring the consent of all co-defendants for removal, *see* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3731, at 504–10 (2d ed. 1985); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.168[3.–2–2], at 547–48 (2d ed. 1995), Bull Moose Music's withholding of consent should not defeat removal in this case. They argue that the unanimity requirement, "[a]s refined" in *Hill v. City of Boston,* 706 F.Supp. 966, 968 (D.Mass.1989), does not require the consent of "a defendant who would not be allowed to remove if it were the sole defendant." *Id.* Because Bull Moose Music, as a sole defendant, would be unable to remove for lack of federal jurisdiction over the exclusively state claims brought against it, Brunswick Defendants contend that this Court may disregard Bull Moose Music's objection and allow them to remove either the entire case or only their own claims (leaving Bull Moose Music behind in state court). This Court disagrees.

Although some district courts in this circuit have followed *Hill,* e.g., *Rey v. Classic Cars,* 762 F.Supp. 421 (D.Mass.1991), the Court of Appeals for the First Circuit has not adopted *Hill*'s reasoning. We find persuasive the reasons of the Court of Appeals for the Fifth Circuit in disagreeing with *Hill* in *Doe v. Kerwood,* 969 F.2d 165, 167–68 (5th Cir.1992) (Wisdom, J.). *See Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994). The rule requiring the consent of all defendants for removal rests on firm, longstanding Supreme Court precedent, whose "refinement" this Court finds both unnecessary and undesirable. *See Chicago, Rock Island & Pacific Ry. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). Undermining the unanimity rule in the manner proposed by *Hill* would commonly allow some defendants, even a single one of many, to impose their choice of forum not merely on unwilling plaintiffs, but on other unwilling defendants as well. *See Doe,* 969 F.2d at 168. Moreover, the *Hill* exception would needlessly generate complex and duplicative parallel litigation in state and federal court: whenever lack of federal jurisdiction over defendants objecting to removal would, under *Hill, allow* a federal court to retain jurisdiction over consenting defendants, that court would still be *required* to remand the nonfederal claims against objecting defendants, except in the rarest of circumstances.[1] *See, e.g., Neptune v. McCarthy,* 706 F.Supp. 958, 963–65 (D.Mass.1989).

This Court holds, therefore, that in order successfully to remove a case pursuant to 28 U.S.C. §§ 1441 and 1446, all codefendants, including those who would have been unable to remove the case had they been the sole defendants, must consent to removal. In this case, Bull Moose Music's refusal to consent to Brunswick Defendants' Petition for Removal constitutes failure to meet the unanimity requirement.

Accordingly, it is *ORDERED* that Bull Moose Music's Objection to Petition for Removal be, and it is hereby, *GRANTED.* It is further *ORDERED* that this matter be *REMANDED,* without prejudice, for further proceedings to the Superior Court in and for the County of Cumberland and State of Maine.

---

**1.** The First Circuit has consistently emphasized how rarely a federal court may exercise pendent jurisdiction over a defendant sued initially in state court under state law only. *See, e.g.,* *Charles D. Bonanno Linen Service v. McCarthy,* 708 F.2d 1, 6–11 (1st Cir.1983) (Breyer, J.) (discussing narrow scope of pendent party jurisdiction and 28 U.S.C. § 1441(c) jurisdiction).