962 F.Supp. 1203 (1997)
Beverly S. MAYO, Plaintiff,
v.
CHRISTIAN HOSPITAL NORTHEAST-NORTHWEST, et. al., Defendants.
No. 4:97CV28SNL.
United States District Court, E.D. Missouri, Eastern Division.
May 2, 1997.
*1204 Leonard P. Cervantes, Cervantes and Associates, St. Louis, MO, for plaintiff.
Kemper Coffelt, Coffelt and Coffelt, St. Louis, MO, for Christian Hosp. Northeast/Northwest.
Alene V. Haskell, Mark A. Smith, Husch and Eppenberger, St. Louis, MO, for United Healthcare of Midwest, Inc. f/k/a Sanus Health Plan, Inc.
David S. Slavkin, James F. Bennett, Bryan Cave L.L.P., St. Louis, MO, for Sanus Corp. Health Systems f/k/a Nylcare Health Plans, Inc.
Robert J. Foley, Sr., Partner, Amelung and Wulff, St. Louis, MO, Eliseo Figueroa.
D. Paul Myre, Anderson and Gilbert, St. Louis, MO, for William B. Mill, M.D., Lily Ann Hanes, M.D.
Paul E. Kovacs, Brinker and Doyen, St. Louis, MO, for St. Louis Health Care Network d/b/a St. Mary's Health Center.
David I. Hares, St. Louis, MO, for James Z. Chen, M.D.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
Plaintiff originally filed this cause of action in the Circuit Court for St. Louis County alleging claims for wrongful death, medical malpractice, breach of contract, and tortious interference with a contract. She alleges that the defendant doctors, hospitals, and health maintenance organizations (HMOs) were instrumental in providing negligent medical care to her late husband and contributing to his death. Two of the defendant HMOs removed the case to federal court based upon federal question jurisdiction; i.e. ERISA preemption. This matter is before the Court on the plaintiff's motion to remand (# 10), filed February 10, 1997. The removing defendants have filed a response.
Plaintiff seeks removal on two grounds: 1) that the two removing defendants[1] failed to obtain the consent of or joinder in removal by the other defendants in this cause of action, thus, the removal failed to procedurally comply with the requirements of 28 U.S.C. § 1446(a); and 2) the removal was untimely under 28 U.S.C. § 1446(b) because the notice of removal was filed outside of the statutory thirty (30) days filing period deadline.[2] Defendants United Healthcare and Nylcare contend that the removal was properly filed within the statutory thirty (30) day period. They further contend that the claims against these two defendants are ERISA claims and therefore, consent and/or joinder of all the other defendants was not necessary under 28 U.S.C. § 1441(c) because the complaint states "separate and independent" claims against the removing defendants.
Defendants United Healthcare and Nylcare argue that removal was timely because *1205 United Healthcare filed the removal petition (consented to by Nylcare) within thirty (30) days of receipt of the complaint. They contend that consent to removal is required only from the defendants who have an independent right to remove. In this case, defendants argue that they were the only defendants to have a removable federal question claim. They further contend that unanimous consent was not needed because removal was proper under 28 U.S.C. § 1441(c) regarding "separate and independent claims"[3].
Generally, all defendants must join in or consent to removal of a case from state court. Chicago, Rock Island and Pacific Ry. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). There is disagreement among the courts as to whether the "unanimity of consent rule" requires the consent of only those parties who would have an independent right to remove or the consent of all defendants (regardless of whether they were parties to removable or non-removable claims), provides an exception to this "unanimity rule". While some courts have held that the "unanimity rule" requires the consent of only those parties who would independently have the right to remove, see, Mullins v. Hinkle, 953 F.Supp. 744, 749 (S.D.W.Va.1997); Hill v. City of Boston, 706 F.Supp. 966, 968 (D.Mass.1989); a majority of the courts have rejected such an application of the "unanimity rule". See, Doe v. Kerwood, 969 F.2d 165, 167-68 (5th Cir. 1992); Chaghervand v. CareFirst. et. al., 909 F.Supp. 304, 308-09 (D.Md.1995); Jackson v. Roseman, et al., 878 F.Supp. 820, 826-27 (D.Md.1995); Gibson v. Inhabitants of Town of Brunswick, 899 F.Supp. 720, 721 (D.Me. 1995); Whitcomb v. Potomac Physicians, 832 F.Supp. 1011, 1013 (D.Md.1993).
Upon review of the relevant caselaw, this Court finds the reasoning of those courts who have rejected the application of the "unanimity rule" so as to require consent or joinder of only the defendants to the separate and independent removable claim(s) to be the most persuasive. This Court agrees that
"[u]ndermining the unanimity rule in the manner proposed by Hill [Hill v. City of Boston, supra.] would commonly allow some defendants, even a single one of many, to impose their choice of forum not merely on unwilling plaintiffs, but on other unwilling defendants as well. Moreover, the Hill exception would needlessly generate complex and duplicative parallel litigation in state and federal court: whenever lack of federal jurisdiction over defendants objecting to removal would, under Hill, allow a federal court to retain jurisdiction over consenting defendants, that court would still be required to remand the non-federal claims against objecting defendants, except in the rarest of circumstances."
Gibson, at 720-21; see also, Doe v. Kerwood, at 168; Chaghervand, at 308-09.
Since removal was not made with the consent of all of the defendants, this Court finds that the removal was procedurally defective.
Furthermore, the Court rejects the removing defendants' contention that consent was not required of all defendants because removal was made under 28 U.S.C. § 1441(c). They contend that their claims are "separate and independent claims". The Court disagrees.
In American Fire & Casualty v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) the United States Supreme Court found that no separate and independent claim or cause of action exists under § 1441(c) "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." Id., at 9-10, 71 S.Ct. at 540. Generally, claims are not separate and independent if they are derived from the same set of facts or the alleged injury is the result of a series of interrelated transactions.

*1206 "[W]hat [is] determinative [is] the singularity of the harm suffered by the plaintiff, and not the various theories of recoveries used to address or compensate for that harm. Thus, the issue is not whether there is more than one cause of action. Rather, the issue is whether these causes of action are truly separate from one another, and not simply different methods of addressing the underlying harm."
Chaghervand, at 309 citing Rey v. Classic Cars, 762 F.Supp. 421, 424 (D.Mass.1991).
In the present case, although the plaintiff asserts several different claims against different parties, the claims asserted against United Healthcare and NYLCare do not constitute "separate and independent claims" under § 1441(c). The plaintiff alleges that her husband's death was the direct result of the combined negligence of his health care providers and the health plan(s) administrators. Mayo alleges a series of events in which the health care providers' malpractice, exacerbated by the negligent decisions of the health care plan administrators regarding referrals and availability of treatments, contributed to her husband's death. See, Schwartz v. FHP International Corp., 947 F.Supp. 1354, 1361-62 (D.Ariz.1996). She further asserts that the treating doctors and hospitals are directly liable, and that the HMOs are vicariously liable for the acts of their "participating" physicians and hospitals. Although Mayo asserts various theories of recovery against different defendants, all of her claims arise from the same set of facts. The various claims clearly depict a single wrong; i.e. that the gross mishandling of her husband's medical condition (relating to a brain tumor) directly led to his death. "Multiple theories of liability against multiple defendants are not separate and independent claims when there is only one wrong." Mullins v. Hinkle, at 749. The plaintiff's claims against United Healthcare and NYLCare are not "separate and independent claims" under § 1441(c).
Since the claims against United Healthcare and NYLCare are not "separate and independent claims", § 1441(c) does not apply; and the failure of the other defendants to join in or consent to the removal defeats the removal.[4]
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion for remand (210) be and is GRANTED.
IT IS FINALLY ORDERED that this cause of action, along with all pending motions, be and is REMANDED to the Circuit Court for St. Louis County for further proceedings.
NOTES
[1] Technically, defendant United Healthcare filed the petition for removal and defendant Nylcare Health Plans consented to the removal.
[2] Under normal circumstances the Court would deny the plaintiff's motion for failure to comply with the requirements of Local Rule 4.01(A). The plaintiff's motion is not accompanied by the requisite memorandum of law in support with citations to relevant caselaw. The motion simply references 28 U.S.C. § 1446(a) and (b), as well as § 1447. However, because the issue is one of jurisdiction, the Court will address the merits of the motion. In the future, any motion filed without a supporting memorandum of law citing relevant authority, will be denied on its face as being in violation of Local Rule 4.01(A).
[3] Section 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.
[4] Since the Court has determined that the removal was procedurally defective on the grounds of joinder, the Court need not address the issues of the timeliness of removal and/or whether ERISA preempts a medical malpractice claim against an HMO under an agency or vicarious liability theory.